IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JONATHAN F. RAMOS,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>COLUMBUS HYDRAULICS<br>COMPANY, LLC,<br><br>　　　　　　Defendant. | **8:25CV140**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff filed a Complaint on February 25, 2025, Filing No. 1, and was granted leave to proceed in forma pauperis, Filing No. 5. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff sues Columbus Hydraulics Company, LLC ("Columbus Hydraulics" or Defendant) alleging Defendant refused to hire him due to his hearing disability, and committed civil conspiracy and obstruction of justice.[1] Filing No. 1 at 4. He claims this conduct occurred between January 5, 2024, and April 20, 2024. *Id*.

Plaintiff is deaf, has limited English language ability, and communicates via American Sign Language (ASL). The Court takes judicial notice of other pleadings filed by Plaintiff in this Court in which Plaintiff explained:

> ASL is a complete and complex language distinct from English, with its own vocabulary and rules for grammar and syntax—it is not simply English in hand signals. ASL has no

---

[1] Plaintiff attached to his Complaint a right-to-sue letter issued by the U.S. Equal Employment Opportunity Commission on January 28, 2025. Filing No. 1 at 7. Plaintiff timely filed his suit on February 25, 2025.

> written component. For several reasons, including early language deprivation, many deaf people have a very limited ability to read and write in English.

*Ramos v. Cargill Meat Solutions Corp.*, 8:24CV455 (D. Neb.), Filing No. 1 at 7 (quoting *Nat'l Ass'n of the Deaf v. Trump*, No. 20CV2107, 2020 WL 4452083 (D.D.C. Aug. 3, 2020) (Complaint ¶¶ 25-25)).[2]

Plaintiff applied for a job at Columbus Hydraulics. The Human Resources (HR) Assistant for Columbus Hydraulics, who was previously employed at Advance Services, Inc., knew Plaintiff through that prior employment. Based on the recommendation of the HR Assistant, Columbus Hydraulics refused to hire Plaintiff because he is deaf. Filing No. 1 at 5.

Plaintiff asks the Court for an order requiring Columbus Hydraulics to offer him job, provide training regarding the deaf culture, and be fair and honest. Filing No. 1 at 5.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014)

---

[2] The Court can sua sponte take judicial notice of its own records and files, and facts which are part of its public records. *United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981).

(quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. ANALYSIS

Plaintiff is requesting recovery under Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17; the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111 to 12117; the Nebraska Fair Employment Practice Act ("NFEPA"), Neb. Rev. Stat. §§ 48-1101 to 1126; and for civil conspiracy and obstruction of justice. Plaintiff alleges Defendant discriminated against him because he is deaf. For the following reasons, Plaintiff's claims alleging discrimination in violation of Title VII and its NFEPA companion provisions, civil conspiracy, and obstruction of justice will be dismissed. Plaintiff's complaint fails to state a claim for disability

3

discrimination in violation of the ADA and NFEPA, but he will be given an opportunity to file an amended complaint.

## A. Employment Discrimination

A plaintiff need not plead facts sufficient to establish a prima facie case of employment discrimination in his or her complaint. *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 511-12 (2002) (holding a complaint in employment discrimination lawsuit need not contain "facts establishing a prima facie case," but must contain sufficient facts to state a claim to relief that is plausible on its face), abrogated in part on other grounds by *Twombly,* 550 U.S. at 570. However, the elements of a prima facie case are relevant to a plausibility determination. *See Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 54 (1st Cir. 2013) (stating elements of a prima facie case are "part of the background against which a plausibility determination should be made" and "may be used as a prism to shed light upon the plausibility of the claim"); *see also Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) ("While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim.").

### 1. Title VII Discrimination

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To recover for failure to hire in violation of Title VII, Plaintiff must show (1) he is a member of a protected class; (2) he was qualified for the position for which the employer was accepting applications; (3) he was denied the position; and (4) the employer hired someone from outside the protected class. *Arraleh v. Cnty. of Ramsey*, 461 F.3d

967, 975 (8th Cir. 2006) (citing *Kobrin v. Univ. of Minn.*, 34 F.3d 698, 702 (8th Cir.1994)).

Plaintiff does not allege that he is a member of a protected class or describe any circumstances that would give rise to an inference of discrimination based on "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). He alleges only that he was not hired because he is deaf. Filing No. 1 at 5. This allegation does not support a reasonable inference that Plaintiff was discriminated against in violation of Title VII, nor does it provide fair notice of the nature and basis or grounds for such a claim.

**2. Disability Discrimination**

The ADA prohibits a covered entity from discriminating "against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). An employee seeking relief under the ADA for discrimination must establish that: 1) he has a disability as defined in 42 U.S.C. § 12102(2); 2) he is qualified to perform the essential functions of the job, with or without reasonable accommodations; and 3) he has suffered an adverse employment action because of his disability. *Walz v. Ameriprise Fin., Inc.*, 779 F.3d 842, 845 (8th Cir. 2015). The disability discrimination provisions in the NFEPA are patterned after the ADA, and the same analysis governs Plaintiff's claims under the ADA and the NFEPA. See *Orr v. Wal-Mart Stores, Inc.*, 297 F.3d 720, 723 (8th Cir. 2002).

As to the first element, a person is disabled within the meaning of the ADA only if he demonstrates that he has a physical or mental impairment which substantially limits one or more of his major life activities, that he has a record of such an impairment, or that he is regarded as having such an impairment. *Amir v. St. Louis Univ.*, 184 F.3d 1017, 1027 (8th Cir. 1999).

"Major life activities under the ADA are basic activities that the average person can perform with little or no difficulty, including 'caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.'" *Battle v. United Parcel Serv., Inc.*, 438 F.3d 856, 861 (8th Cir. 2006) (quoting 29 C.F.R. § 1630.2(I)). Plaintiff alleges he is deaf and must communicate using American Sign Language and, thus, has alleged a disability under the ADA.

Plaintiff alleges Columbus Hydraulics refused to hire him. Refusal to hire a person is an adverse employment action, supporting the third element of a prima facie claim of disability discrimination under the ADA. *Chalfant v. Titan Distrib., Inc.*, 475 F.3d 982 (8th Cir. 2007) (citing 42 U.S.C.A. § 12112(a)).

However, Plaintiff has alleged no facts supporting the second element of an ADA claim. He has not alleged that he applied for a position at Columbus Hydraulics that he was qualified to perform, with or without reasonable accommodations. Assuming he is claiming he needed accommodations to perform the job, his complaint also fails to explain what accommodations he needed, that these accommodations were reasonable, and Columbus Hydraulics failed to provide them. *Schaffhauser v. United Parcel Serv., Inc.*, 794 F.3d 899, 905 (8th Cir. 2015).

As currently alleged, Plaintiff's complaint fails to state a claim for disability discrimination.

**B. State Law Claims**

Plaintiff alleges Columbus Hydraulics engaged in a civil conspiracy and obstructed justice. These claims arise, if at all, under Nebraska state law.

Nebraska has recognized claims for obstruction of justice in the context of criminal law. *See, e.g., State v. Rieker*, 14 N.W.3d 855, 873 (Neb. 2025) (citing Neb. Rev. Stat. § 28-907(1)(a)). But Nebraska does not have a standalone claim for civil obstruction of justice.

Under Nebraska law, "a civil conspiracy is a combination of two or more persons to accomplish by concerted action an unlawful or oppressive object, or a lawful object by unlawful or oppressive means." *Elbert v. Young*, 977 N.W.2d 892, 904 (Neb. 2022). Plaintiff's complaint does not allege Columbus Hydraulics worked with anyone else to deprive Plaintiff of his rights under the ADA and NFEPA. Moreover, civil conspiracy is not a separate and independent tort under Nebraska law. *Id.*

Plaintiff has not stated civil conspiracy and obstruction of justice claims under Nebraska law.

### IV. CONCLUSION

Having liberally construed Plaintiff's pro se complaint, the Court concludes, for purposes of initial review, that Plaintiff's purported claims under Title VII and its NFEPA companion provisions, and for civil conspiracy and obstruction of justice must be dismissed for failure to state a claim. Plaintiff's complaint currently fails to allege a plausible disability discrimination claim under Title I of the ADA and its companion NFEPA provisions for failing to hire and failing to accommodate.

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims under Title VII, and his civil conspiracy and obstruction of justice claims, are dismissed without leave to amend.

2. As to the disability discrimination claims, Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff.

3. If Plaintiff files an amended complaint, Plaintiff shall restate the allegations of disability discrimination and any new allegations. Failure to consolidate all disability discrimination allegations into one document may

result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

4. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) in the event he files an amended complaint.

5. The Clerk of the Court is directed to send to Plaintiff the form entitled "Pro Se 7 Complaint for Employment Discrimination."

6. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **October 24, 2025**: deadline for Plaintiff's amended complaint.

Dated this 24th day of September, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge