IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JONATHAN F. RAMOS,

                    Plaintiff,                          **8:25CV140**

          vs.

COLUMBUS HYDRAULICS                          **MEMORANDUM AND ORDER**
COMPANY, LLC,

                    Defendant.

Plaintiff filed a Complaint on February 25, 2025, Filing No. 1, and was granted leave to proceed in forma pauperis. Filing No. 5. After conducting an initial review of Plaintiff's complaint, the Court granted Plaintiff leave to file an amended complaint. Plaintiff timely filed his amended complaint on October 20, 2025. Filing No. 8. The Court now conducts an initial review of the amended complaint, which supersedes his prior complaint, to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff sues Columbus Hydraulics Company, LLC ("Columbus Hydraulics" or Defendant) alleging Defendant refused to hire him due to his hearing disability. Filing No. 8 at 4. He claims this conduct occurred between January 5, 2021, and April 20, 2024. *Id.*

Plaintiff is deaf, has limited English language ability, and communicates via American Sign Language (ASL). The Court takes judicial notice of other pleadings filed by Plaintiff in this Court in which Plaintiff explained:

> ASL is a complete and complex language distinct from English, with its own vocabulary and rules for grammar and syntax—it is not simply English in hand signals. ASL has no

written component. For several reasons, including early language deprivation, many deaf people have a very limited ability to read and write in English.

*Ramos v. Cargill Meat Solutions Corp.*, 8:24CV455 (D. Neb.), Filing No. 1 at 7 (quoting *Nat'l Ass'n of the Deaf v. Trump*, No. 20CV2107, 2020 WL 4452083 (Complaint ¶¶ 25-25)).[1]

Plaintiff applied for a job at Columbus Hydraulics in May of 2021, but he failed his welding test. Plaintiff previously worked at Advance Services, Inc. An employee from Advance Services accepted new employment at Columbus Hydraulics as a Human Resources (HR) Assistant and was working at there by no later than September 2023. Plaintiff knew this HR Assistant, and he applied to be a welder for the defendant in September of 2023. Although he was advised to take the welding test again, he did not do so because be believed the company[2] had lied to the EEOC. Plaintiff claims that the HR Assistant knew he needed an ASL interpreter to perform the job at Columbus Hydraulics, and at her suggestion, the company refused to hire Plaintiff because he is deaf. Filing No. 8 at 7.

Plaintiff asks the Court for an order requiring Columbus Hydraulics to offer him a job, provide training regarding deaf culture, and provide an ASL interpreter at the job site. Filing No. 1 at 5.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a

---

[1] The Court can sua sponte take judicial notice of its own records and files, and facts which are part of its public records. *United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981).

[2] Defendant refers to both Advance Services and Columbus Hydraulics in discussing his prior EEOC claims, and it is unclear which company allegedly lied.

claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

A plaintiff need not plead facts sufficient to establish a prima facie case of employment discrimination in his or her complaint. *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 511-12 (2002) (holding a complaint in employment

3

discrimination lawsuit need not contain "facts establishing a prima facie case," but must contain sufficient facts to state a claim to relief that is plausible on its face), abrogated in part on other grounds by *Twombly*, 550 U.S. at 570. However, the elements of a prima facie case are relevant to a plausibility determination. *See Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 54 (1st Cir. 2013) (stating elements of a prima facie case are "part of the background against which a plausibility determination should be made" and "may be used as a prism to shed light upon the plausibility of the claim"); *see also Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) ("While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim.").

### III. ANALYSIS

Plaintiff is requesting recovery under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111 to 12117; and the Nebraska Fair Employment Practice Act ("NFEPA"), Neb. Rev. Stat. §§ 48-1101 to 1126. Plaintiff alleges Defendant discriminated against him because of he is deaf. For the following reasons, the Court finds Plaintiff's complaint fails to state a claim for disability discrimination in violation of the ADA and NFEPA.

The ADA prohibits a covered entity from discriminating "against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). An employee seeking relief under the ADA for discrimination must establish that: 1) he has a disability as defined in 42 U.S.C. § 12102(2); 2) he is qualified to perform the essential functions of the job, with or without reasonable accommodations; and

3) he has suffered an adverse employment action because of his disability. *Walz v. Ameriprise Fin., Inc.*, 779 F.3d 842, 845 (8th Cir. 2015). The disability discrimination provisions in the NFEPA are patterned after the ADA, and the same analysis governs Plaintiff's claims under the ADA and the NFEPA. See *Orr v. Wal-Mart Stores, Inc.*, 297 F.3d 720, 723 (8th Cir. 2002).

As to the first element, a person is disabled within the meaning of the ADA only if he demonstrates that he has a physical or mental impairment which substantially limits one or more of his major life activities, that he has a record of such an impairment, or that he is regarded as having such an impairment. *Amir v. St. Louis University*, 184 F.3d 1017, 1027 (8th Cir. 1999). "Major life activities under the ADA are basic activities that the average person can perform with little or no difficulty, including 'caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.'" *Battle v. United Parcel Serv., Inc.*, 438 F.3d 856, 861 (8th Cir. 2006) (quoting 29 C.F.R. § 1630.2(I)). Plaintiff alleges he is deaf and must communicate using American Sign Language and, thus, he has alleged a disability under the ADA.

Plaintiff alleges Columbus Hydraulics refused to hire him. Refusal to hire a person is an adverse employment action, supporting the third element of a prima facie claim of disability discrimination under the ADA. *Chalfant v. Titan Distribution, Inc.*, 475 F.3d 982 (8th Cir. 2007) (citing 42 U.S.C.A. § 12112(a)).

However, Plaintiff's amended complaint alleges no facts supporting his claim that he was qualified to perform the position at Columbus Hydraulics. He specifically alleges he failed the welding test in 2021, and he refused to take it again when encouraged and given an opportunity to do so. Assuming he is claiming he needed accommodations to perform the job, his complaint also fails

5

to explain what accommodations he needed, that these accommodations were reasonable, and Columbus Hydraulics failed to provide them. *Schaffhauser v. United Parcel Serv., Inc.*, 794 F.3d 899, 905 (8th Cir. 2015). He also fails to allege any nonconclusory statements to support a claim that he was not hired because he is deaf. Plaintiff's complaint therefore fails to state a claim for disability discrimination. *See Brown v. Conagra Brands, Inc.*, 131 F.4th 624, 627 (8th Cir. 2025).

## IV. CONCLUSION

Having liberally construed Plaintiff's pro se amended complaint, the Court finds Plaintiff has failed to allege a plausible disability discrimination claim under Title I of the ADA and its companion NFEPA provisions. This case must be dismissed for failure to state a claim upon which relief may be granted.

Accordingly,

IT IS ORDERED:

1.    This matter is dismissed without prejudice.

2.    A separate judgment will be entered.

Dated this 26th day of November, 2025.

BY THE COURT:

*John M. Gerrard*

_____

John M. Gerrard
Senior United States District Judge

6